**From:** Joseph J. DiPasquale
**Sent:** Thursday, August 29, 2013 9:57 AM
**To:** David M. Posner (dposner@oshr.com)
**Cc:** Henry M. Karwowski; 'Edward Griffith'; mcallan@dwpm.com
**Subject:** Biolitec

Dear David,

For the record, the Non-Debtor Affiliates disagree with your assertions in your August 19th email. They have complied with the terms of the sale order. In contrast, it has come to our attention that ADI has been making false assertions to consumers of medical lasers and fiber optics that (i) "biolitec lasers and fibers will no longer be legally marketed in the US"; and (ii) former customers of the Debtor have no choice but to start purchasing ADI's products. To the extent that the Trustee has made similar representations, the Non-Debtor Affiliates reserve all rights.

We understand that the asset purchase agreement has now been consummated. Could you please provide us with a copy of the final documentation?

Finally, on the issue of the month to month tenancy at the Massachusetts premises, please note that by virtue of the Trustee's failure to timely assume or reject the lease by the August 20, 2013 deadline (see May 14, 2003 Order) (Docket No. 152)), the lease has been deemed rejected and the Trustee must immediately surrender the property. 11 U.S.C. § 365(d)(4) (providing that unexpired lease of nonresidential real property under which debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to lessor, if trustee does not timely assume or reject the unexpired lease). See also In re Salzer, 52 F.3d 708, 713 (7th Cir. 1995) ("[W]hen Salzer's bankruptcy was converted to a Chapter 7 on September 29, 1992, the trustee took no action to accept or reject the lease within sixty days. At that point, the lease was rejected [under previous version of § 365(d)(4)] and the leasehold surrendered to Stinson. This terminated the automatic stay [under section 365(d)(4)]."); In re United West, Inc., 87 B.R. 138, 139-40 (Bankr. D. Nev. 1988) ("The debtor in the present case made no attempt to assume or reject its lease within the time prescribed by [previous version of] section 365(d). Accordingly, the lease was deemed rejected 60 days from the date of filing, In re Southwest Aircraft Services, Inc., 831 F.2d 848 (9th Cir. 1987), and the Lessor was entitled to immediate possession of the premises. 11 U.S.C. § 365(d)(4). Contrary to the debtor's argument, it is irrelevant for purposes of section 365(d) that the debtor did not have a written lease or that it rented on a month-to-month basis. Pursuant to section 365(m) 'any rental agreement to use real property' constitutes a lease of real property for purposes of section 365. (emphasis added).").

In addition, you have confirmed that the Trustee has removed all books and records and assets from the facility that were not sold or transferred to ADI. As such, the Trustee has no reason to have or even need access to the MA facility. Further, the Trustee has not paid rent, and she has fired all employees and closed the Debtor's doors.

The Non-Debtor Affiliates reserve all rights and remedies.

Best regards,



_____
**Joseph J. DiPasquale, Esq.**
**Partner**
347 Mount Pleasant Avenue | Suite 300 | West Orange | NJ | 07052
Firm 973.243.8600 | Direct 973.323.8666 | Fax 973.243.8677 | jdipasquale@trenklawfirm.com
Legal Assistant: Jennifer Young
Firm 973.243.8600 | Ext. 182 | jyoung@trenklawfirm.com
New Jersey | New York | Pennsylvania | California
www.trenklawfirm.com
_____
This e-mail message from Trenk, DiPasquale, Della Fera & Sodono, P.C. is private and may contain privileged information. If you are not the intended recipient, please do not read, copy or use it or disclose it to others. If you have received this message in error, please notify the sender immediately by replying to this message and then delete it from your system. Thank you.
IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.