**From:** David M. Posner [mailto:DPosner@oshr.com]
**Sent:** Monday, August 19, 2013 7:05 PM
**To:** Joseph J. DiPasquale
**Cc:** Ed Griffith; mcallan@dwpm.com; Henry M. Karwowski
**Subject:** RE: Biolitec - ADI letter to customers

Joe –

Thank you for the email, however, the Trustee does not intend to accede to the Non-Debtor Affiliates' demands. The Non-Debtor Affiliates should not be having any contact with customers of the Debtor and it does not matter that they may be customers with long standing relationships with both the Debtor and the Non-Debtor Affiliates. Given the sale order, we would have expected that both you and Mr. Griffith would have instructed your clients that if any of them receive any calls from the Debtor's customers, those calls should be referred to the Trustee or her advisors. Certainly, we would not have expected, as you have admitted in your email, that your clients would be speaking to, much less giving any advice to customers of the Debtor.

Since the receipt of your email, the Trustee has continued to receive troubling information regarding the conduct of the Non-Debtor Affiliates which lead the Trustee to conclude that the Non-Debtor Affiliates are taking steps to seriously

lessen or destroy the value of Biolitec, Inc. Specifically, we have been advised that the Non-Debtor Affiliate are actively engaging in a course of conduct to divert the Debtor's customers to a companion business that the Non-Debtor Affiliates had clearly been in the process of setting up months before the sale order was entered. Indeed, the Trustee believes, based upon information received to date, that this competing business was set up even before the sale to ADI became public knowledge.

Answering your queries, as to my prior email on the subject of contact with customers, we understand that it was Jack Furcht who has been contacting customers of Biolitec, Inc. and informing them that the Debtor is dissolving and that the Non-Debtor Affiliates have established an entity from which customers could make direct purchases. We are further informed that this activity may have been coordinated under the direction of Cemal Sagnak and that Art Henneberger may have assisted in preparing paper work in connection with setting up this new entity. Further, we understand that this new entity may have hired Mark Bonser, Cory Harter and Michael Benedetto as sales people. Please be advised that we intend to investigate this fully. To the extent that Jack or Art breached any duties of loyalty and good faith, we intend to seek to hold them responsible. To the extent that the sales individuals hired are the subject of non-competes, we intend to seek to enforce the non-competes and to hold the entity that they are employed by liable for: inducing any of them to breach the non-competes, breaching any duty they may have owed prior to being terminated by the Debtor, otherwise tortiously interfering with the Debtor's business or prospective economic advantage and any other cause of action which may be appropriate against the individuals or the entity.

Second, we learned that individuals at East Longmeadow, again under the direction of Mr. Sagnak, have been instructed to answer the phones "CermaOptec/Biolitec US", and for those calling for Biolitec, Inc. to go ahead and take sales orders for the new entity. The Trustee views this as a direct interference with the business and value of the Debtor and designed solely to tortiously interfere with the pending sale of the assets to ADI. We demand that you instruct all Non-Debtor Affiliate employees on the premises to not engage in such conduct and not to instruct others to do so. This includes the individuals we understand are traveling to the us including Damian, who we are advised is arriving in the next day or so.

Regards,

David

**From:** Joseph J. DiPasquale [mailto:JDiPasquale@trenklawfirm.com]
**Sent:** Saturday, August 17, 2013 7:58 AM
**To:** David M. Posner
**Cc:** Ed Griffith; mcallan@dwpm.com; Henry M. Karwowski
**Subject:** Fwd: Biolitec - ADI letter to customers

David,

Most of the Debtor's former customers have been loyal Biolitec Group customers for years (if not decades). Most of them want to continue purchasing product from the Biolitec Group notwithstanding ADI's attempts to convince them otherwise. So it is only natural that many of them have contacted the Non-Debtor Affiliates to inquire whether they may continue to purchase Biolitec Group products.

The Non-Debtor Affiliates have the right to continue to distribute their medical products in the United States notwithstanding the settlement and sale to ADI. They do not object to ADI's efforts to compete, although they do object to unfair competition tactics, such ADI's "welcome" letter, which falsely implies

that the settlement and sale have been consummated and that the Debtor's former customers have no choice but to switch to ADI products.

The Non-Debtor Affiliates repeat their demand that the Trustee direct ADI to mitigate the consequences of its unfair competition tactics by sending a letter to the customers stating that (i) the sale and settlement has not yet been consummated; and (ii) the customers are free to continue purchasing Biolitec Group products from the Non-Debtor Affiliates.  If the Trustee refuses to do so, the Non-Debtor Affiliates reserve their rights against both the Trustee and ADI.

Finally, please rest assured that the Non-Debtor Affiliates are scrupulously complying with the terms of the settlement and sales orders.  In particular, no information has been sought from Biolitec, Inc. employees.

Best,



_____
**Joseph J. DiPasquale, Esq.**
**Partner**
347 Mount Pleasant Avenue | Suite 300 | West Orange | NJ | 07052
Firm 973.243.8600 | Direct 973.323.8666 | Fax 973.243.8677 | jdipasquale@trenklawfirm.com
Legal Assistant:  Jennifer Young
Firm 973.243.8600 | Ext. 182 | jyoung@trenklawfirm.com
New Jersey | New York | Pennsylvania | California
www.trenklawfirm.com

_____
This e-mail message from Trenk, DiPasquale,  Della Fera & Sodono, P.C. is private and may contain privileged information.  If you are not the intended recipient, please do not read, copy or use it or disclose it to others.  If you have received this message in error, please notify the sender immediately by replying to this message and then delete it from your system.  Thank you.
IRS Circular 230 Disclosure:  To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

**From:** David M. Posner [mailto:DPosner@oshr.com]
**Sent:** Thursday, August 15, 2013 2:12 PM
**To:** Joseph J. DiPasquale
**Cc:** Henry M. Karwowski; Edward Griffith
**Subject:** RE: Biolitec - ADI letter to customers

Joe –

We will not so direct ADI.  Please explain why the Non-Debtor Affiliates would be in possession of a letter directed to the customers of the Debtor as the Non-Debtor Affiliates presumably are not contacting customers of the Debtor and any customer who might contact the Non-Debtor Affiliates should have been told to contact the Trustee to address any questions or concerns they might have.  Certainly, the Non-Debtor Affiliates should not be interacting or offering any views on the pending sale to customers.  If they are doing so or if they are otherwise contacting customers, the Trustee would find that to be most troubling and potentially actionable.

Indeed, other troubling conduct has come to our attention.  It has come to the Trustee's attention that a Biolitec, Inc. salesperson is telling one or more customers that Biolitec, Inc.  will be dissolved today or tomorrow but that there is no need to find another supplier because a new Biolitec is or has been created that will be the new US distributor for

products to customers.  We have specifically inquired of Messrs. Foley and Henneberger as to whether they have directed or authorized such statements to be made and they have both categorically stated that they did not  and that they are unaware that such statements are being made.   For some time we have heard that the Non-Debtor Affiliates might have already set up or were in the process of setting up an entity that could sell products directly to customers  but this is the first instance where the Trustee has learned specifics about the potential existence of such an entity and instances where the sales force is specifically advising customers that such arrangements may have been made (though we had heard rumors to that effect in the past as well).   We are in the process of obtaining the name of the sales person and names of the customer or customers and will furnish it to you when we receive same.  Obviously, we find these actions most troubling given the pending sale as such actions could have a direct and detrimental impact on the sale and value.  We would demand that to the extent such activity is being coordinated or directed by the Non-Debtor Affiliates or Dr. Neuberger that you as their counsel ask them to cease and desist.

Regards,

David

---

**From:** Joseph J. DiPasquale [mailto:JDiPasquale@trenklawfirm.com]
**Sent:** Thursday, August 15, 2013 1:11 PM
**To:** David M. Posner
**Cc:** Henry M. Karwowski; Edward Griffith
**Subject:** Biolitec - ADI letter to customers

David,

It has come to our attention that the Trustee authorized ADI to send the attached letter to the Biolitec customers before the sale has been consummated.  This is improper given that the (i) the sale has not yet consummated and (ii) ADI has stated that it will not waive the pre-condition closing of obtaining an entered stipulation of dismissal with prejudice of the Second Circuit Appeal.  Please confirm by 4 PM today that the Trustee will direct ADI to send a correction letter immediately.

Best,

---

**Joseph J. DiPasquale, Esq.**
**Partner**
347 Mount Pleasant Avenue | Suite 300 | West Orange | NJ | 07052
Firm 973.243.8600 | Direct 973.323.8666 | Fax 973.243.8677 | jdipasquale@trenklawfirm.com
Legal Assistant:  Jennifer Young
Firm 973.243.8600 | Ext. 182 | jyoung@trenklawfirm.com
New Jersey | New York | Pennsylvania | California
www.trenklawfirm.com

*This e-mail message from Trenk, DiPasquale,  Della Fera & Sodono, P.C. is private and may contain privileged information.  If you are not the intended recipient, please do not read, copy or use it or disclose it to others.  If you have received this message in error, please notify the sender immediately by replying to this*

*message and then delete it from your system.  Thank you.*
*IRS Circular 230 Disclosure:  To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.*