

**Joseph J. DiPasquale**
**Henry M. Karwowski**
Directors
Direct: 973-323-8666
jdipasquale@trenklawfirm.com

347 Mt. Pleasant Avenue, Suite 300
West Orange, New Jersey 07052

P: 973-243-8600
F: 973-243-8677

Client No. 4270-001

September 11, 2013

**Via ECF and Email (chambers_of_dhs@njb.uscourts.gov)**

Honorable Donald H. Steckroth, U.S.B.J.
United States Bankruptcy Court
M.L. King Federal Building
50 Walnut Street, 3rd Floor
Newark, NJ 07102

> Re: **Biolitec, Inc.**
> **Chapter 11 – Case No. 13-11157 (DHS)**
>
> **Cyganowski v. Biolitec US, Inc., et al.**
> **Adv. Pro. No. 13-1883 (DHS)**

Dear Judge Steckroth:

On behalf of the Non-Debtor Affiliates, we submit this letter brief in reply to the objections of the Trustee and ADI to the Non-Debtor Affiliates' motion to dissolve the temporary restraints set forth in the September 6, 2013 Amended Order to Show Cause. Please refer to the Reply Declaration of Cemal Sagnak executed on September 11, 2013 and the declarations of the Debtor's former customers filed today for a response to the Trustee's and ADI's factual misstatements.

## I.     ADI DID NOT ACQUIRE A "GOING CONCERN."

The fundamental fallacy of ADI's Objection, and indeed this adversary proceeding, is that ADI "purchase[d] the Debtor as a going concern." ADI Objection ¶ 1. In fact, the Asset

Purchase Agreement (the "APA") involved merely a sale of most, but not all, of the Debtor's assets, with no hiring of any of the Debtor's employees, and all of the parties, including ADI and the Trustee, understood that (i) the Debtor could not operate without a supply of products from the Non-Debtor Affiliates; (ii) the Debtor had no contractual rights to the continuation of such a supply of products; and (iii) the Non-Debtor Affiliates could "at a moment's notice" terminate the Debtor as the Biolitec Group's U.S. medical distributor and sell to the Debtor's customers through a new distributor. Sagnak Reply Decl. [ECF 31] ¶¶ 15-16 (quoting from Trustee's August 4, 2013 Decl. and her expert's testimony at August 6, 2013 hearing).

Although ADI asserts, without citing to any specific provision of the APA, that a "Material Adverse Event" clause supports its position, the APA expressly defines "Material Adverse Event" to exclude any consequences of the Trustee's decision to sell the Debtor's assets, including the anticipated decision of the Non-Debtor Affiliates to stop using the Debtor as the Biolitec Group's U.S. medical distributor upon approval of the sale. See Sagnak Reply Decl. ¶ 13 (quoting from APA's definition "Material Adverse Event").

## II.    ADI DID NOT ACQUIRE PROPRIETARY CUSTOMER LISTS.

Although customer lists might constitute proprietary information in connection with the sale of business assets in certain circumstances, they do not where, as here, the identity of the customers is publicly available and the business involves the sale of goods rather than services. See, e.g., Fox v. Goz (In re Target Indus., Inc.), 2010 WL 2696844 at **1-2 (3d Cir. July 8, 2010) (affirming dismissal of adversary complaint of purchaser of bankruptcy estate's assets and chapter 11 bankruptcy trustee against corporate debtor's officer and former employees, for claims of, inter alia, misappropriation of assets and proprietary information, breach of loyalty and confidentiality, and tortious interference with contractual relations, on basis that customer lists of chapter 11 debtor were not propriety information under New Jersey law, and lists were thus not a part of bankruptcy estate, where debtor was not in a service business, but instead sold plastic bags, and information about sale of plastic bags was publicly available).

The Third Circuit explained:

> As the Bankruptcy Court found, customer lists may be proprietary information under New Jersey law, depending on the nature of the business and the restrictions placed on employees. Lamorte Burns & Co. v. Walters, 167 N.J. 285, 770 A.2d 1158, 1166 (2001). Customer lists of service businesses receive special protection because the names and addresses of customers are not publicly available or ascertainable. AYR Composition, Inc. v. Rosenberg, 261 N.J.Super. 495, 619 A.2d 592, 597 (N.J.Super.Ct.App.Div.1993). Customer lists of non-service businesses may also be proprietary information if the lists contain information that is not publicly available and the company protects such information with restrictive covenants, such as confidentiality agreements or covenants not

to compete. <u>Platinum Mgmt., Inc. v. Dahms</u>, 285 N.J.Super. 274, 666 A.2d 1028, 1038 (N.J.Super. Ct. Law Div.1995).

<u>Id.</u> at **1-2.

Here, the Debtor and the Trustee disclosed the Debtor's customers in public filings in the Debtor's chapter 11 case. Attached hereto are copies of the Trustee's "Executory Contract Assumption and Cure Notice" and the debtor's Amended Schedule B, which both list the Debtor's customer information.[1] In addition, the Non-Debtor Affiliates have maintained their own list of US customers independently of the Debtor for years. Sagnak Decl. [ECF 10] at 9-14; Sagnak Reply Decl. ¶¶ 25-27. <u>See</u> <u>also</u> Non-Debtor Affiliates U.S. Customer List submitted for in camera review.

Further, the APA does not describe the Debtor's customer lists as proprietary or exclusive and any such description would have been inaccurate based on the undisputed history of the Debtor's operations. ADI understood when it entered into the APA that it was not purchasing proprietary customer information, as the Debtor simply did not possess such information.

Indeed, the APA expressly states that the customer lists and other Acquired Asserts were being sold "as is" without any representation as to the fitness for any particular purpose or their value to ADI in generating future income. <u>See</u> Sagnak Reply Decl. ¶ 11 (quoting APA § 4.3).[2]

## III.   ADI DOES NOT HAVE THE RIGHT TO BAR THE BIOLITEC GROUP FROM COMPETING FOR THE DEBTOR'S FORMER CUSTOMERS.

An injunction preventing a competitor from contacting another party's customers or competitors is not appropriate where, as here, there is no evidence that the competitor is using the other party's proprietary information to identify those customers or prospective customers. <u>See</u>, <u>e.g.</u>, <u>Herbalife Int'l Am., Inc. v. Ford</u>, 2008 WL 2873407 at *1 (9th Cir. July 22, 2008) (holding that in corporation's action against competitors, preliminary injunction provision barring competitors from using or disclosing, for business purposes, contacts or business information acquired during competitors' work with corporation improperly precluded competitors from using customer information that they developed themselves); <u>Herff Jones, Inc. v. Okla. Graduate Servs., Inc.</u>, 2007 WL 1821050 at *3 (10th Cir. June 26, 2007) (affirming

---

[1] Incidentally, an APA schedule lists 29 customers. That is the same number of customers listed in the Assumption and Cure Notice.

[2] ADI's assertion that the customer lists were sold free of encumbrances misses the point. The Debtor's information regarding the identity of its customers was not exclusive and was publicly disclosed. Nothing prevents the Biolitec Group from contacting or selling to customers that are listed on the Biolitec Group's independent CRM system or that the Debtor disclosed to the public.

denial of graduation supply company's motion for preliminary injunction prohibiting sales representatives from soliciting purchase or sale of products and services from company's established customers, on basis that any irreparable harm toward company in absence of preliminary injunction was limited, where even if company's internal customer and price information contained confidential proprietary information that could qualify as trade secrets, there was no evidence showing that sales representatives were relying on and using internal information to solicit its customers, as it appeared just as likely that they were simply relying on their own knowledge and experience and information readily available in the public domain).

IV.    **ADI DOES NOT HAVE THE RIGHT TO BAR THE DEBTOR'S FORMER CUSTOMERS FROM CHOOSING THEIR PREFERRED SUPPLIER.**

As demonstrated by the declarations filed today, many of the Debtor's former vein customers prefer Biolitec Group products and consider them essential to their business and their patients' health. See Customer Declarations; Sagnak Reply Decl. ¶¶ 17-19 (quoting from Grondin and Chideckel Declarations).

They want to continue to purchase Biolitec Group products, which are available to other parties in the United States. Id. One of the Debtor's former Canadian customers, Dr. Louis Grondin, for example, asserts:

> As a Canadian citizen and practicing doctor, I do not understand how AngioDynamics or a U.S. court should be able to prevent me from buying medical devices that I consider essential to my practice and to my patients' health. I want to continue buying Biolitec Group products and I believe that I have that right. Accordingly, I request that the Court lift the restraining order immediately so that I may continue treating my patients with the endovenous laser system of my choice.

Grondin Decl. [ECF 24] ¶ 3; see also Sagnak Reply Decl. ¶¶ 36-37 (quoting from Grondin and Chideckel Declarations).

Continuing the temporary restraints would violate these customers' rights, violate the Biolitec Group's right to freely compete in the United States, and place an unreasonable restraint on free trade. Indeed, public policy and balancing of harms mandate that the temporary restraints be lifted in order to protect these customers' rights to choose their preferred supplier of endovenous laser and fiber products, which they believe is critical to their businesses and the health of their patients. See, e.g., Herff Jones, Inc. v. Okla. Graduate Servs., Inc., 2007 WL 1821050 at *3 (10th Cir. June 26, 2007) (affirming denial of graduation supply company's motion for preliminary injunction prohibiting sales representatives from soliciting purchase or sale of products and services from company's established customers, on basis that balance of hardships did not favor preliminary injunction against sales representatives, where injunction

would have foreclosed representatives from competing for an entire year, and without the injunction, both company and its representatives could compete freely for customers).

## CONCLUSION

The Non-Debtor Affiliates respectfully request that the temporary restraints be dissolved in their entirety.

Respectfully submitted,

TRENK, DiPASQUALE,
DELLA FERA & SODONO, P.C.

/s/ Joseph J. DiPasquale

Joseph J. DiPasquale
Henry M. Karwowski

THE GRIFFITH FIRM

/s/ Edward Griffith

Edward Griffith

cc:  Donald F. MacMaster, Esq.    (Via email Donald.f.macmaster@usdoj.gov)
     David Posner, Esq.           (Via email dposner@oshr.com)
     Brian Crowley, Esq.          (Via email bcrowley@mcdonnellcrowley.com)
     Stephen Donato, Esq.         (Via email Sdonato@bsk.com)
     Douglas J. McGill, Esq.      (Via email Dmcgill@webbermcgill.com)
     Edward Griffith, Esq.        (Via email Eg@thegriffithfirm.com)

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-2(c)**

**MCDONNELL CROWLEY, LLC**
115 Maple Avenue
Red Bank, New Jersey 07701
(732) 383-7233
John M. McDonnell (JM8731)
Brian T. Crowley (BC 2778)
*Local Counsel for*
*Melanie L. Cyganowski,*
*Chapter 11 Trustee*

| | |
|---|---|
| In re: | Case No. 13-11157 (DHS) |
| BIOLITEC, INC., | Honorable Donald H. Steckroth |
| Debtor. | Chapter 11 |

## EXECUTORY CONTRACT ASSUMPTION AND CURE NOTICE

**PLEASE TAKE NOTICE** that on  July 16, 2013, Melanie L. Cyganowski, the Chapter 11 Trustee (the "Trustee") in the Chapter 11 case of Biolitec, Inc. (the "Debtor" or "Seller"), by and through her undersigned counsel, Otterbourg, Steindler, Houston & Rosen, P.C. and McDonnell Crowley, LLC, filed a *Motion for Entry of Order Authorizing the Trustee's Entry into an Asset Purchase Agreement for the Sale of Substantially all of the Debtor's Assets* (the "Sale Motion") [Docket No. 186] with the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").  A hearing on the Sale Motion has been scheduled for August 6, 2013 at 2:00 p.m. prevailing Eastern Time.

On July 16, 2013, the Trustee entered into an Asset Purchase Agreement with AngioDynamics, Inc. (the "Buyer"), which contemplates the sale to Buyer of substantially all of

3116647.1

the Seller's assets, free and clear of all liens, claims, encumbrances, and other interests (except

for the Assumed Liabilities) pursuant to section 363 of the Bankruptcy Code (the "APA").[1]

The APA contemplates, and the order sought by the Sale Motion (the "Sale Order")

would authorize, Seller to assume and assign to Buyer the executory contracts listed on Schedule

1.1(b) to the APA (the "Acquired Contracts"). In accordance with the Sale Motion and the terms

of the proposed Sale Order, the following procedures will govern the assumption and assignment

of the Acquired Contracts (the "Assignment Procedures").

a) <u>Acquired Contracts</u>.  No later than July 22, 2013, the Trustee shall have served this Cure Notice by regular mail or overnight mail on each counterparty to the Acquired Contract (the "Contract Counterparty"), notifying each Contract Counterparty of the Trustee's intent to assume and assign the applicable Acquired Contract and of the Cure Amount under the Acquired Contract that the Trustee believes is necessary to be paid to such Contract Counterparty in connection with such assignment pursuant to section 365 of the Bankruptcy Code.

b) <u>Cure Objections</u>.  Any Contract Counterparty seeking to: (i) assert a Cure Amount based on defaults, conditions, or pecuniary losses under an Acquired Contract different from that set forth on Schedule A to this Cure Notice, or (ii) object to the potential assumption and assignment on any other grounds, shall be required to file and serve a written objection (a "Cure Objection") setting forth with specificity: (A) any and all Cure Amounts that the Contract Counterparty asserts must be cured or satisfied respecting an Acquired Contract and/or (B) if the objection to the proposed assumption and assignment of such Acquired Contract is based on issues related to adequate assurance of future performance, what information with respect to the Buyer such Contract Counterparty requires to satisfy its adequate assurance concerns.

c) <u>Acquired Contract Cure Objection Deadline</u>.  To be considered timely with respect to Acquired Contracts, a Cure Objection shall be filed with the Bankruptcy Court no later than July 29, 2013 at 4:00 p.m. prevailing Eastern Time (the "Cure Objection Deadline") and served on (i) counsel to the Trustee, Otterbourg, Steindler, Houston & Rosen, P.C., 230 Park Avenue, New York, NY 10169, Attn: David M. Posner, Esq.; (ii) local counsel to the Trustee, McDonnell Crowley, LLC, 115 Maple Avenue, Red Bank, NJ 07701, Attn: Brian T. Crowley, Esq.; (iii) counsel to ADI, Bond, Schoeneck & King, PLLC, One Lincoln Center. Syracuse, New York 13202. Attn: Joseph Zagraniczny and Stephen A. Donato, Esq.

---

[1]    Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Sale Motion or APA, as applicable.

    d) <u>Failure to File a Cure Objection</u>.  Unless a Cure Objection is timely filed by the Cure Objection Deadline, the Bankruptcy Court shall enter an order authorizing or effecting the assumption and assignment of the applicable Acquired Contract.

    e) <u>Waiver of Cure Objection</u>.   Contract Counterparties that fail to file Cure Objections as provided above shall be deemed to have waived and released any and all cure obligations and shall be forever barred and estopped from asserting or claiming against the Debtor's estate, the Buyer, or any other assignee of the relevant Acquired Contract that any additional amounts are due or defaults exist, or prohibitions or conditions to assignment exist or must be satisfied, under such Acquired Contract for the period prior to the assumption and assignment of such Acquired Contract.

**PLEASE TAKE FURTHER NOTICE** that the contracts listed on <u>Schedule A</u> annexed hereto have been designated as Acquired Contracts as set forth in Schedule 1.1(b) to the APA. The Cure Amount that the Trustee believes must be paid in connection with the assumption and assignment of each Acquired Contract is set forth in the column labeled "Cure Amount." You must file and serve any objection to the proposed Cure Amount or the assumption and assignment of the Acquired Contracts in accordance with the Assignment Procedures set forth above.

**PLEASE TAKE FURTHER NOTICE** that this Cure Notice is subject to the full terms and conditions of the Sale Motion and Sale Order, as may be entered by the Bankruptcy Court, which shall control in the event of any conflict.  The Trustee encourages parties in interest to review such documents in their entirety.  A copy of the Sale Motion and the proposed Sale Order may be obtained by written request made to counsel to the Trustee, Otterbourg, Steindler, Houston & Rosen, P.C., 230 Park Avenue, New York, NY 10169, Attn: David M. Posner, Esq., Telephone: (212) 661-9100; Facsimile: (212) 682-6104.

**McDonnell Crowley, LLC**
*Local Counsel for*
*Melanie L. Cyganowski,*
*Chapter 11 Trustee*

By:_____/s/ Brian T. Crowley_____
                            BRIAN T. CROWLEY

Dated: July 22, 2013

-and-

**Otterbourg, Steindler, Houston & Rosen, P.C.**

David Posner (*\*Pro Hac Vice Admission*)
*Counsel for Melanie L. Cyganowski,*
*Chapter 11 Trustee*

3116647.1                                    4

## Schedule A

| Contract Counterparty | Cure Amount |
|---|---|
| AmeriVein<br>Attn: Dr. Braxton<br>1256 Waterford Drive, Suite 130<br>Aurora, IL 60501 | $0 |
| Batey Cardiology Center<br>Attn: Dr. Sanchez<br>6100 Pointe West Boulevard<br>Bradenton, FL 34209 | $0 |
| CA Institute for Cardiovascular & Laser Vein Surgery<br>16030 Ventura Boulevard, #605<br>Encino, CA 91436 | $0 |
| California Vein Specialists<br>Attn: Dr. Leary<br>400 Westminster Avenue<br>Newport Beach, CA 92663 | $0 |
| Comprehensive Urologic Care<br>Attn: Dr. Ning Wu<br>22285 Pepper Road, Suite 201<br>Lake Barrington, IL 60010 | $0 |
| Dona Mendes, MD<br>10 West 66th Street<br>New York, NY 10023 | $0 |
| Executive Urology<br>2800 Hayes Avenue<br>Building D<br>Sandusky, OH 44870 | $0 |
| Fitzgibbons Vein Center<br>Attn: Dr. Fitzgibbons<br>1245 Wilshire Boulevard, Suite 905<br>Los Angeles, CA 90017 | $0 |
| Hackensack Vascular Center<br>Attn: Dr. Mulkay<br>529 39th Street<br>Union City, NJ 07087 | $0 |

3116647.1

| | |
|---|---|
| Healthtronics Urologic Services<br>9825 Spectrum Drive<br>Building #3<br>Austin, TX 78717<br>and<br>2115 North Kansas Avenue<br>Hastings, NE 68901 | $0 |
| Laser Lipo & Vein Center<br>Attn: Dr. Wright<br>3449 Pheasant Meadow Drive, Suite 100<br>O'fallon, MO 63368 | $0 |
| Morrison Vein Institute<br>8575 E. Princess Drive, Suite 223<br>Scottsdale, AZ 85255<br>and<br>4515 S. McClintock Drive, Suite 101<br>Tempe, AZ 85282 | $0 |
| Nature Coast Urology<br>10441 Quality Drive, Suite 205<br>Brooksville, FL 34609 | $0 |
| Dr. Norman Chideckel<br>380 Second Avenue, Suite 1004<br>New York, NY 10010 | $0 |
| OH2 Med Spa (name changed to Vein Innovations)<br><br>Vein Innovations<br>Attn: Dr. Darrell Caudill<br>1140 Hammond Drive<br>Suite 9150-I<br>Atlanta, GA 30328<br>and<br>Attn: Dr. Darrell Caudill<br>5673 Peachtree Dunwoody Road<br>Suite 340<br>Atlanta, GA 30342 | $0 |
| Premier Vein Center<br>Attn: Dr. Fleisher<br>280 North Central Avenue, Suite 70<br>Hartsdale, NY 10530 | $0 |
| Red Sands Vein & Laser Institute<br>Attn: Dr. Olsen<br>1380 East Medical Center Drive<br>St. George, UT 84790 | $0 |

| | |
|---|---|
| Saeed Darbandi, MD<br>302 North Hammes Road, Suite 1<br>Joliet, IL 60435 | $0 |
| Stony Brook University Medical Center<br>24 Research Way, Suite 100<br>East Setauket, NY 11733 | $0 |
| Surgical Specialists of New Jersey<br>668 Main Street, Suite 4<br>Lumberton, NJ 08048 | $0 |
| The Corvallis Clinic, PC<br>dba The Corvallis Clinic Surgery Center<br>601 N W Elks Drive<br>Corvallis, OR 97330 | $0 |
| The Stone Center<br>150 Bergen Street<br>Newark, NJ 07101 | $0 |
| The Vein Center of the Hudson Valley<br>Attn: Dr. Winski<br>14 Scotchtown Avenue<br>Goshen, NY 10924 | $0 |
| Urologic Consultants of NY<br>Attn: Dr. Sheldon Pike<br>290 Central Avenue, Suite 107<br>Lawrence, NY 11559 | $0 |
| Urology Center of Southern OK<br>10th and North Commerce<br>Ardmore, OK 73401<br>and<br>731 12th NW, Suite 103<br>Ardmore, OK 73402 | $0 |
| Vein & Wellness Center<br>110 South Piney Road, Suite 100<br>Chester, MD 21619 | $0 |
| Windsor Ting, MD<br>128 Mott Street, Suite 701<br>New York NY 10013 | $0 |
| Y.H. Salem<br>Attn: Dr. Salem<br>8101 Newman Avenue, Suite D<br>Huntington Beach, CA 92647 | $0 |
| Y.H. Salem (2nd Laser) | $0 |

| | |
|---|---:|
| John G. Yuan, MD<br>1129 Northern Boulevard, Suite 307<br>Manhasset, NY 11030 | $0 |

# EXHIBIT B

**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq. (KR 4963)
Paul Kizel, Esq. (PK 4176)
Wojciech F. Jung, Esq. (WJ 2047)
65 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 597-2500
Fax: (973) 597-2400

*Counsel to the Debtor and
Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| BIOLITEC, INC. | Case No. 13-11157 (DHS) |
| Debtor. | |

**AMENDMENT TO SCHEDULE B – PERSONAL PROPERTY AND
SCHEDULE G – EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

1.      The Debtor, Biolitec, Inc., hereby amends Schedule B – Personal Property of

Schedules of Assets and Liabilities, including Schedule B-16 which identifies the Debtor's

accounts receivables and other obligations due from third parties.  Schedule B-16 was

inadvertently omitted from the Schedule of Assets and Liabilities field on February 19, 2013

[Docket No. 64].  A copy of Schedule B-16 is annexed hereto.

2.      The Debtor, Biolitec, Inc., hereby amends Schedule Schedule G – Executory

Contracts and Unexpired Leases as follows:

| Name of Other Party | Description of Contract or Lease |
|---|---|
| Tyco Healthcare Group LP<br>15 Hampshire Street<br>Mansfield, MA 02048 | Patent License and Royalty Settlement<br>Agreement dated September 8, 2011 as amended |

27503/2
03/05/2013 23794940 1

The *Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding the Debtor's Schedules and Assets and Liabilities and Statements of Financial Affairs* filed by Biolitec on February 19, 2013 [Docket NO. 64] shall be fully applicable to this amendment.

I hereby declare pursuant to 28 U.S.C. § 1746 under penalty of perjury that I have read the foregoing information and it is true and correct to the best of my knowledge, information and belief.

Dated: March 5, 2013

**BIOLITEC, INC.**
Debtor and Debtor-in-Possession

By: _____
Brian K. Foley, Chief Operating Officer

-2-

Biolitec, Inc.
Case No. 13-11157 (DHS)

SCHEDULE B-16
Accounts Receivable - Exhibit B-16

| AMOUNT OWED | CUSTOMER NAME | Address |
| --- | --- | --- |
| $ 9,900.00 | ACCU-TECH COMPANY LTD | ROOM 314A, WANGJING IND ZONE, BEIJING, CHINA |
| $ 19,757.73 | BAMM PLUS, LLC | 195 COLLYER STREET, SUITE 103, PROVIDENCE, RI 02904 |
| $ 1,997.72 | BAY STATE MEDICAL | PO BOX 6202, SPRINGFIELD, MA 01101 |
| $ 1,577.96 | SPECTRUM HEALTH | PO BOX A, GRAND RAPIDS, MI 49501 |
| $ (105.00) | CARDIOVASCULAR & THORACIC SURGERY | ALTOONA HOSPITAL, 620 HOWARD ST, ALTOONA, PA 16601 |
| $ (4,527.96) | CENTRAL VALLEY VEIN | 7131 N. 11 ST-STE101, FRESNO, CA 93720 |
| $ (750.00) | CHINO VALLEY EQUINE HOSPITAL | 2945 ENGLISH PLACE, CHINO HILLS, CA 91709 |
| $ 2,008.67 | CALGARY COSMETIVE VEIN AND LASER | 1504 15TH AVE SW-STE 300, CALAGARY, ALBERTA, CANADA |
| $ 44,447.88 | FORTEC MEDICAL | 10125 WELLMAN ROAD, STREETSBORO, OH 44241 |
| $ 1,549.52 | HACKENSACK UNIV MED CTR | 30 PROSPECT AVE, HACKENSACK, NJ 07601 |
| $ 5,302.86 | MICHAEL J KASSOUF, MD | 346 76TH ST, BROOKLYN, NY 11209 |
| $ 875.98 | AVERA MCKENNAN HOSPITAL | PO BOX 5045, SIOUX FALLS, SD 57117 |
| $ 11,681.77 | MDUR | 210 SUTH FRANKLIN ST, DENVER, CO 80209 |
| $ 84,563.15 | UHS SURGICAL SERVICES | 6625 WEST 78TH ST, STE 300, MINNEAPOLIS, MN55439 |
| $ 5,241.57 | R.E. MEDICAL, INC | 1-29, NONINBASHI 2-CHROME, OSAKA, Japan |
| $ 1,254.52 | SARASOTA MEMORIAL HOSPITAL | 1700 SOUTH TAMIAMI TRAIL, SARASOTA, FL 342393 |
| $ 1,294.71 | SAINT CLOUD SURGICAL CTR | 1526 NORTHWAY DRIVE, SAINT CLOUD, MN 56303 |
| $ 5,875.95 | SURGICAL SPECIALTIES OF GA | 1136 IVES COURT NE, ATLANTA, GA |
| $ 16,032.61 | BATEY CARDIOLOGY CTR | 6100 POINTE WEST BLVD, BRADENTON, FL 34209 |
| $ 3,938.64 | PECONIC BAY MEDICAL CTR | 1300 ROANOKE AVE, RIVERHEAD, NY 11901 |
| $ 1,517.25 | HOLY SPIRIT HOSPITAL | 503 NORTH 21ST ST, CAMP HILL, PA 17011 |
| $ 4,715.96 | HACKENSACK VEIN CTR | 526 39TH ST, UNION CIT, NJ 07087 |
| $ 1,215.96 | OUR LADY OF THE LAKE | 14111 AIRLINE HWY STE 129, BATON ROUGE, LA 70817 |
| $ 597.96 | CENTRAL DUPAGE HOSPITAL | 25 NORTH WINFIELD RD, WINFIELD, IL 60190 |
| $ 3,265.96 | UROLOGY NEVADA LTD0 | 1500 EAST 2ND ST #300, RENO, NV 89502 |
| $ 3,340.71 | COPREHENSIVE UROLOGICAL CARE | 22285 PEPPER RD, STE 201, BARRINGTON, IL 60010 |
| $ 3,765.96 | CORVALLIS CLINIC | 601 NW ELKS DRIVE, CORVALLIS, OR 97330 |
| $ 995.00 | NAPA VALLEY UROLOGY | 3250 BEARD RD, NAPA, CA 94558 |
| $ 850.00 | PHYSICIANS DISCOVERIES LLC | PO BOX 25866, WINSTON SALEM, NC 27114 |
| $ 3,905.40 | HI TECH MEDICAL EQUIPMENT RENTAL | 700 FRONT ST 32602, SAN DIEGO, CA 92101 |
| $ 2,948.34 | MOBIL LASER TECHNOLOGIES, INC | 25651 ATLANTIC OCEAN DR, SUITE A12, LAKE FOREST, CA 92630 |
| $ 2,265.96 | CARDIOVASCULAR CONSULTANTS OF SOUTH FLORIDA | 6067 HOLLYWOOD BLVD, STE 201, HOLLYWOOD, FL 33024 |
| $ 4,805.45 | GRAND CANYON LASER | PO BOX 37945, PHOENIX, AZ 85069 |
| $ 5,327.96 | LASER, LIPO AND VEIN CTR | 3449 PHEASANT MEADOW DR - STE 100, O'FALLON, MO 63368 |

Biolitec, Inc.
Case No. 13-11157 (DHS)

SCHEDULE B-16
Accounts Receivable - Exhibit B-16

| AMOUNT OWED | CUSTOMER NAME | Address |
|---|---|---|
| $ (900.00) | UROLOGY ASSOCIATES OF OCALA | 1752 SW 1ST AVE, OCALA, FL 34471 |
| $ (9.00) | ROCKY MOUNTAIN SURGICAL | 4545 EAST 9TH AVE #460, DENVER, CO 80220 |
| $ 2,890.96 | INDIAN RIVER UROLOGY | 787 37TH ST - STE E200, VERO BEACH, CA 32960 |
| $ 4,427.96 | VEIN CTR OF HUDSON VALLEY | PO BOX 211, GOSHEN, NY 10924 |
| $ 2,624.61 | AMERIVEIN | 1256 WATERFORD, DR - STE 130, AURORA, IL 60504 |
| $ 5,597.85 | MORRISON VEIN INSTITUTE | 8575 EAST PRINCESS DR - STE 223, SCOTTSDALE, AZ 85255 |
| $ 158,302.37 | VEIN CLINICS OF AMERICA | 1901 BUTTERFIELD RD - STE 220, DOWNERS GROVE, IL 60515 |
| $ 4,842.91 | FITZGIBBONS VEIN CENTER | 1245 WILSHIRE BLVD, SUITE 905, LOS ANGELES, CA 90017 |
| $ 260.16 | COUNTERPULSATION INC | 650 WORCESTER RD, FRAMINGHAM, MA 01702 |
| $ 5,449.86 | WINDSOR TING, MD | ONE GUSTAVE L LEVY PLACE, NEW YORK, NY 10029 |
| $ 7,547.88 | SOUTH JERSEY UROLOGY CONSULTANTS | PO BOX 393, PINE BROOK, NJ 07058 |
| $ (800.00) | METROPOLITAN UROLOGICAL SPECIALISTS | 205 LEXINGTON AVE, 15TH FL, NEW YORK, NY |
| $ 179.64 | PARTNERS HEALTHCARE SYSTEM | PO BOX 9127, CHARLSTOWN, MA 02129 |
| $ (4,998.66) | SURGICAL SPECIALISTS OF NJ | 2 EVES DRIVE, MARLTON, NJ 08053 |
| $ 47,911.35 | MEDNET SYSTEMS INC | 2505 NORTH BELTLINE RD, SUNNYVALE, TX 75182 |
| $ 2,113.46 | ANNE ARUNDEL MEDICAL CTR | 201 DEFENSE HWY, SUITE 100, ANNAPOLIS, MD 21401 |
| $ 31,669.16 | UNITED MEDICAL SYSTEMS | 1500 WEST PARK FRIVE, WESTBOROUGH, MA 01581 |
| $ 1,510.95 | NOVANT HEALTH CORP | PO BOX 25686, WINSTON SALEM, NC 27114 |
| $ 9,655.92 | PREMIER VEIN CENTER | 280 NORTH CENTRAL AVE-STE70, HARTSDALE, NY 10530 |
| $ 4,515.96 | UROLOGY CTR OF SOUTHERN OK | 731 12TH NW-SUITE 103, ARDMORE, OK 73402 |
| $ 5,075.00 | EASTERN UROTECH | 11 TWO PONDS RD, BELCHERTOWN, MA 01007 |
| $ 2,890.96 | REPUBLIC SURGICAL | 800 HINGHAM ST, ROCKLAND, MA 02374 |
| $ 2,677.96 | VEINCARE OF NEW YORK | 420 JERICHO TURNPIKE-SUITE 212, JERICHO, NY 11753 |
| $ 21,150.98 | KARMAN GOUDARZI, MD | 1721 NEW HANOVER MEDICAL PARK DRIVE, WILMINGTON, NC 28403 |
| $ 2,615.96 | NORMAN CHIDECKEL, MD | 380 SECOND AVE, SUITE 1004, NEW YORK, NY 10010 |
| $ 1,500.00 | PURDUE UNIVERSITY | 625 HARRISON ST - RM G228, WEST LAFAYETTE, IN 47907 |
| $ 4,715.36 | VEIN SPECIALITY MEDICAL CLINIC INC | 2951 WINCHESTER BLVD-1ST FL, CAMPBELL, CA 95008 |
| $ (4,515.96) | TRISTATE UROLOGIC SERVICES PSC | 4700 SMITH RD-SITE M, CINCINNATI, OH 45212 |
| $ 16,790.98 | CARDIOVASCULAR SPECIALISTS OF SOUTH FL | 10650 W. STATE RD, 84 SUITE 104, FT LAUDERDALE, FL 33324 |
| $ 5,622.12 | ARGOSTOCK MEDICAL CTR | 140 ACADEMY ST, PRESQUE ISLE, ME 04769 |
| $ (19,795.00) | SINUWAVE TECHNOLOGIES CORP | 19017 120TH AVE, NE SUITE 102, BOTHELL, WA 98011 |
| $ 2,365.96 | IRON MOUNTAIN VEIN | 1711 SOUTH STEPHENSON HWY-STE 125, IRON MOUNTAIN, MI 49801 |
| $ 8,019.36 | SAEED DARBAND, MD | 1890 SILVER CROSS BLVD, PAV A - STE 520, NEW LENOX, IL 60451 |
| $ 2,901.62 | PREMIER LASER SERVICES | 2220 OTAY LAKES RD #502-315, CHULA VISTA, CA 91915 |

Biolitec, Inc.
Case No. 13-11157 (DHS)

SCHEDULE B-16
Accounts Receivable - Exhibit B-16

| AMOUNT OWED | CUSTOMER NAME | Address |
|---|---|---|
| $ (87.29) | CURTIS LOCKHART, MD | 2910 HEALTH CAMPUS DR - STR 155, WESTLAKE, OH 44145 |
| $ 4,328.46 | CALLUM CORP | 225 SASAPEQUAN RD, FAIRFIELD, CT 06824 |
| $ 9,618.17 | EXECUTIVE UROLOGY | 2800 HAYES AVE, SANDUSKY, OH 44870 |
| $ 3,515.96 | VEIN INNOVATIONS | 5673 PEACHTREE DUNWOODY RD - SUITE 340, ATLANTA, GA 30342 |
| $ 1,254.52 | ST BARNABAS MEDICAL CTR | PO BOX 337, WEST LONG BRANCH, NJ 07764 |
| $ 76,739.86 | CA INSTITUTE FOR CARDIOVASCULAR | 16030 VENTURA BLVD #605, ENCINO, CA 91436 |
| $ 225.00 | THE STONE CTR | 150 BERGEN ST, NEWARK, NJ 07101 |
| $ 3,000.00 | DR. MARK VINE | 123 MAPLE AVE-SUITE 203, CEDARHURST, NY 11516 |
| $ 2,275.98 | VASCULAR CARE CTR OF SALT LAKE | 1250 EAST 3900 SOUTH-SUITE 301, SALT LAKE CITY, UT 84124 |
| $ 9,010.62 | DONNA MENDES, MD | 10 WEST 66TH ST, NEW YORK, NY 10023 |
| $ 3,319.85 | WESTERN KENTUCKY VEIN SPECIALISTS | 1711 DESTINY LANE, BOWLING GREEN, KY 42104 |
| $ 3,157.78 | CHRISSIE TOMLINSON MEMORIAL HOSPITAL | PO BOX 273, GEORGETOWN, CAYMAN ISLANDS |
| $ 9,457.26 | CENTRAL FLORIDA VEIN INSTITUTE | 1619 HARDEN BLVD, LAKELAND, FL 33803 |
| $ 5,027.96 | WESTCHESTER VASCULAR | 88 ASHFORD AVE, DOBBSD FERRY, NY 10522 |
| $ 980.96 | CAPITAL DISTRICT HEALTH AUTHORITY | 1276 5OTH PARK ST, HALIFAX, NS CANADA |
| $ (150.00) | DR. ADILSOM CORTINES LAXE JR | 167-43 148TH AVE, JAMAICA, NY 11434 |
| $ 11,000.00 | CLARION MEDICAL TECHNOLOGIES | 125 FLEMING DRIVE, CAMBRIDGE, ON CANADA |
| $ 2,545.96 | SKYPOINT MEDICAL CTR | 1089 NORTH SALEM DRIVE, SCHAUMBURG, IL 60194 |
| $ 5,846.94 | DR ALLA BRODECH | 9933 LAWLER AVE, SUITE 520, SKOKIE, IL 60077 |
| $ (30.00) | HARRY S TRUMAN VA | 800 HOSPITAL DRIVE, COLUMBIA, MO 65201 |
| $ 2,615.96 | EAST TEXAS PHYSICIANS ALLIANCE | PO BOX 4550, PALESTINE, TX 75802 |
| $ 2,624.61 | LATROBE HOSPITAL | 532 WEST PITSBURGH ST, GREENBURG, PA 15601 |
| $ 650.00 | HOSPITAL DE DAMAS | 2213 PONCE BYPASS, PONCE, PR 00731 |
| $ 840.04 | QEST PHARMA TECH INC | 8123 ROPER ROAD NW, EDMONTON, ALBERTA, CANADA |
| $ 705.00 | DESERT CARDIOVASCULAR CONSULTANTS | 5785 SOUTH FORT APACHE-SUITE A-100, LAS VEGAS, NV 89148 |
| $ 1,495.00 | WEST JEFFERSON MEDICAL CTR | 1101 MEDICAL CENTER BLVD, MARRERO, LA 70072 |
| $ 800.00 | PREMIER MEDICAL GROUP | 1 COLUMBIA ST, POUGHKEEPSIE, NY 12601 |
| $ 1,454.52 | FROEDTERT HOSPITAL | NORTH 74 W 12501 LEATHERWOOD CT-STE 110, MEMOMONEE FALLS, WI 53051 |
| $ 200,641.63 | Biolitec SIA | Domes Str 1a, Livani, Latvia LV5316 |
| $ 274,670.44 | CeramOptec Industries | 515A Shaker Road, East Longmeadow, MA 01028 |
| $ 877,112.62 | CeramOptec GmbH | Siemenstrasse 44, Bonn, Germany D-53121 |
| $ 30,345.88 | Biolitec SdnBhd | No 18, Jalan PJS 7/21, 46150 Petaling Jaya, Selangor DE, Malaysia |
| $ 106,838.63 | Biolitec SA | Quesada N 2228 PISo 3, Bueno Aies, Argentina |
| $ 930,421.93 | Biolitec AG | Otto-Schott-Str.15, Jena, Germany D-07745 |

Biolitec, Inc.
Case No. 13-11157 (DHS)

**SCHEDULE B-16**
Accounts Receivable - Exhibit B-16

| AMOUNT OWED | | CUSTOMER NAME | Address |
|---|---|---|---|
| $ | 394,409.13 | Biolitec Pharma Mktg | Level 6(D) Main office Tower, Jalan Merdeka, F.T. Labuan Malaysia |
| $ | 512,166.10 | Biolitec Medical Devices | 515 Shaker Road, East Longmeadow, MA 01028 |
| $ | 6,154.96 | Biolitec Biomedical Technology | Otto-Schott-Str.15, Jena, Germany D-07745 |
| $ | 356,541.68 | Biolitec Pharma Ireland | United Drug House, Magna Drive, Dublin 24 Ireland |
| $ | 4,437,770.92 | | |